**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1654

MARY LOUISE LUSK,

              Petitioner,

        v.

SLAB FORK COAL COMPANY; WEST VIRGINIA COAL WORKERS'
PNEUMOCONIOSIS FUND; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR;
DEPARTMENT OF LABOR,

              Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(10-0480-BLA)

Submitted:  February 28, 2012        Decided:  March 12, 2012

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition granted; vacated and remanded by unpublished per curiam
opinion.

S. F. Raymond Smith, DAVID HUFFMAN LAW SERVICES, Parkersburg,
West Virginia, for Petitioner.  Ashley M. Harman, Tiffany B.
Davis, JACKSON KELLY PLLC, Morgantown, West Virginia, for
Respondents Slab Fork Coal Company and West Virginia CWP Fund.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mary Louise Lusk, widow of Roy Daniel Lusk, sought survivor's benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945 (2006). Following the award of survivor's benefits by the Administrative Law Judge ("ALJ"), the Benefits Review Board ("BRB") found that the West Virginia Coal Workers' Pneumoconiosis Fund ("Fund") — the insurance carrier for Mr. Lusk's former employer — was deprived of due process during the proceedings before the ALJ, vacated the award, and remanded the case to the ALJ to reopen the record. On remand, the ALJ reopened the record, permitted the Fund to submit additional evidence, and denied survivor's benefits. The BRB affirmed the ALJ's decision. Mrs. Lusk now petitions for review of the BRB's order to reopen the record.

We review for abuse of discretion the BRB's decision ordering the ALJ to reopen the record. Betty B Coal Co. v. Dir., Office of Workers' Comp. Programs, 194 F.3d 491, 501 (4th Cir. 1999). The denial of due process during the course of the proceedings before the ALJ certainly is a proper reason to reopen the record; however, "if this happens, it will be on account of some prejudicial, fundamentally unfair element. If the [employer's] 'day in court' was fair (albeit imperfect) and the outcome reliable, then due process was achieved." Id. Applying this standard, we conclude that the Fund was not

2

deprived of due process in the proceedings leading to the ALJ's award of survivor's benefits. Thus, the BRB abused its discretion in ordering the record to be reopened for additional evidence.

Accordingly, we grant Mrs. Lusk's petition for review, vacate the BRB's order to reopen the record and its subsequent decision affirming the ALJ's denial of benefits, and remand to the BRB for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION GRANTED;
VACATED AND REMANDED

3